IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BETTY JEAN WILLIAMS, ) | CIVIL ACTION NO.: 4:10-cv-2966-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

By Order filed March 5, 2012, the undersigned order that the Commissioner's decision be affirmed. Thereafter, on April 2, 2012, the Plaintiff filed a "motion for reconsideration," asking the court to reconsider its order entering judgment in the Commissioner's favor. Even though Plaintiff did not state the statutory basis of this motion, the court deems it a motion to alter or amend judgment pursuant to Fed. R. Civ. Pro. Rule 59(e). (Doc. # 32). Defendant filed a response in opposition and Plaintiff filed a reply. (Docs. #33 and #36).

Rule 59(e) of the Federal Rules of Civil Procedure provides that:

Any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error

of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Based on the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's March 5, 2012, Order in this case. In particular, the Plaintiff fails to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, Plaintiff's motion is **DENIED**. (Doc. # 32).

**AND IT IS SO ORDERED.**

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 10, 2013
Florence, South Carolina